# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>AMERICAN PARKING SYSTEM, INC.<br><br>Debtor | CASE NO. 19-02243 (EAG)<br><br>CHAPTER 11 |

### URGENT MOTION FOR ENTRY OF AN INTERIM ORDER: (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING THE SECURED CREDITOR ADEQUATE PROTECTION; (III) SCHEDULING A FINAL HEARING; AND (IV) GRANTING RELATED RELIEF

COMES NOW American Parking System, Inc. ("APS" or the "Debtor"), through the undersigned counsel, and respectfully submit this Urgent Motion (the "Motion") pursuant to Sections 105(a), 361, 362 and 363 of title 11 of 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules") for entry of an interim order (the "Interim Order"), substantially in the form attached hereto as **Exhibit A**, (I) authorizing use of cash collateral; (II) granting the secured creditor, 767 Lender, LLC (the "Secured Creditor" or "767") adequate protection; (III) scheduling a final hearing (the "Final Hearing"); and (IV) granting related relief, and respectfully state as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. 327(a). This is a core proceeding pursuant to 28 U.S.C. § 157.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 105(a), 361, 362 and 363 of the Bankruptcy Code, Bankruptcy Rules 4001 and 9014, and Local Rule 4001-2.

## II. SUMMARY OF THE RELIEF REQUESTED

3. Pursuant to Bankruptcy Rule 4001(b) and Local Rule 4001-2(a), a summary of the relevant provisions of the Interim Order is as follows:

> a. Name of Each Entity with an Interest in Cash Collateral.
>
>> i. 767 pursuant to certain UCC filings has a first rank lien over Debtor's cash collateral.
>
> b. Use of Cash Collateral. Subject to the terms of the proposed Interim Order, the Debtor may use Cash Collateral during the Interim Period for its post-petition operational and restructuring obligations.
>
> c. Adequate Protection. Debtor submits the granting of adequate protection to the Secured Creditor as follows (collectively, "Adequate Protection"):
>
>> i. Adequate Protection Payments. A monthly payment of $71,600.00, which is based on the original contractual interest rate over the outstanding balance of the loan agreement as detailed in the Budget attached hereto as **Exhibit I.**
>>
>> ii. Adequate Protection Liens. To the extent there is a diminution in the value of the Secured Creditor's interests in the Prepetition Collateral (whether the reason for such diminution is as a result of, arises from, or is attributable to, any or all of the imposition of the automatic stay (including, without limitation, any diminution in value of such interests in the Prepetition Collateral prior to the Secured Creditor seeking vacation of the automatic stay or the Court granting such relief), the priming of the Prepetition Liens, the use of Cash Collateral or the physical deterioration, consumption, use, sale, lease, disposition, shrinkage, or decline in market value of the Prepetition Collateral), the Secured Creditor, is granted replacement liens (the "Replacement Liens") in the Prepetition Collateral, which

    Replacement Liens are valid, binding, enforceable and fully perfected as of the Petition Date without the necessity of the execution, filing or recording by the Debtor or the Secured Creditor of security agreements, pledge agreements, financing statements, or other agreements, and shall be equivalent to a lien granted under Section 364(c) of the Bankruptcy Code, and which such Replacement Liens shall cover assets, interest, and proceeds of the Debtor that are or would be collateral under the pre-petition liens if not for Bankruptcy Code Section 552(a), and all cash and cash equivalents (with the exception of any Avoidance Actions and proceeds thereof).

  iii. Administrative Claim. The Secured Creditor is hereby granted an allowed administrative claim (the "Administrative Claim") under Bankruptcy Code Section 507(b) with respect to all Adequate Protection obligations, to the extent that the Replacement Liens do not adequately protect the diminution in the value of the Secured Creditor's interests in the Collateral from the Petition Date.

4. Additionally, in accordance with the Local Rule 4001-2(a) the Debtor highlights the following:

  a. The total dollar amount requested as per the Budget attached hereto as **Exhibit I** is $1,028,938, up until August 31, 2019.
  b. As aforementioned and as detailed in the enclosed budget the specific use will be for its post-petition operational and restructuring obligations, including but not limited to the payment of payroll and taxes.
  c. Enclosed hereto as **Exhibit I** is Debtor's proposed budget for the use of the funds.
  d. The amount of debt owed to creditors claiming an interest over the collateral is as follows:
    i. 767 Lender, LLC - $8,591,512.00
  e. The value of the collateral as of the Filing Date approximately $17,000,000.
  f. Debtor's proposal for adequate protection is detailed in paragraph 3(c) above.
  g. As per the enclosed budget, there is a carve out for U.S. Trustee's fees of $4,875 and for professional fees of $40,000.

### III. USE OF CASH COLLATERAL

**A. Debtor's Need For Use Of Cash Collateral**

5. The Debtor has determined, in the exercise of its business judgment, that it is in its estate's best interest that its collateral be used to preserve the value of the estate. As explained above, all of the Debtor's available cash is subject to the prepetition liens of the Secured Creditor and, therefore, constitutes cash collateral. Accordingly, the Debtor requires the consent of the Secured Creditor (or an order of the Bankruptcy Court over the Secured Creditor's objection) to use cash collateral; which consent would not be forthcoming absent the provisions contained in the proposed Interim Order.

**B. Use Of Cash Collateral Is Warranted**

6. The Secured Creditor has not consented to the Debtor's use of Cash Collateral under the terms and conditions of the proposed Interim Order. Thus, the Debtor's use of Cash Collateral is within Bankruptcy Code Section 363(c)(2)(B). Absent the use of Cash Collateral, the Debtor would be unable to preserve the value of the Secured Creditor's collateral. The Secured Creditor will be adequately protected pursuant to the terms set forth in the proposed Interim Order. Accordingly, the Debtor has satisfied the requirements under Section 363(c)(2)(B) and the use of Cash Collateral should be approved.

**C. The Proposed Adequate Protection Should Be Approved**

7. Section 363(e) of the Bankruptcy Code provides "on request of an entity that has an interest in property used…or proposed to be used… by the [debtor in possession], the court…shall prohibit or condition such use… as it is necessary to provide adequate protection of such interest." 11 U.S.C. §363(e). Adequate protection is not expressly defined in the Bankruptcy Code, except by the implications of the

examples of adequate protection listed in Bankruptcy Code Section 361. *Resolution Trust Corp. v. Swedeland Dev. Group, Inc.* (*In re Swedeland Dev. Group, Inc.*), 16 F.3d 552, 564 (3rd Cir. 1994). Section 361 of the Bankruptcy Code contains a non-exhaustive list of acceptable forms of adequate protection, including a cash payment or periodic cash payments, additional liens, replacement liens, and the "indubitable equivalent of such entity's interest in such property." 11 U.S.C. §361.

8. Determination of adequate protection is fact-specific and made on a "case by case basis." *Swedeland*, 16 F.3d at 564; *In re Columbia Gas Sys, Inc.*, 1992 WL 79323 at *2 (Bankr. D. Del. Feb. 18, 1992). The focus of the adequate protection requirement is to preserve the secured creditor's position at the time of the bankruptcy filing and protect the secured creditor from diminution in the value of its collateral during the reorganization process. Id.; *In re Continental Airlines, Inc.* 154 B.R. 176, 180-81 (Bankr. D. Del. 1993).

9. The Debtor recognizes that the Secured Creditor is entitled, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interests in the Collateral to the extent there is a diminution in the value of the collateral from and after the Petition Date. The terms of the proposed Interim Order are designed to prevent diminution in value of the collateral by allowing the Debtor to use the Cash Collateral to preserve the estate and by providing the Secured Creditor with replacement liens and a contingent administrative expense claim, thereby providing adequate protection to the Secured Lender.

**D. The Interim Order Should Be Granted**

10. Bankruptcy Rule 1001(b)(2) provides that a final hearing on a motion to

use cash collateral may not be commenced earlier than fifteen days after the service of such motion. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to the debtor's estate pending a final hearing.

11. Pursuant to Bankruptcy Rule 1001(b)(2), the Debtor hereby prays that the Court conducts an expedited preliminary hearing on this Motion and (a) authorize the Debtor to use the Cash Collateral as per the enclosed budget and the proposed Interim Order, to avoid immediate and irreparable harm to the value of the Collateral and the Debtor's estates and the Secured Creditor's interests, and (b) schedule the Final Hearing to consider the relief requested herein on a final basis.

12. As set forth above, the Debtor has determined in its sound business judgment that there is an immediate need for use of Cash Collateral to preserve its estate and the Secured Creditor's collateral. Without the use of Cash Collateral on an interim basis, the Debtor would be unable to preserve value of its estate and the Secured Creditor's collateral.

## VI. CONCLUSION

13. Debtor respectfully requests entry of an order substantially in the form annexed hereto as Exhibit A, (I) authorizing use of cash collateral; (II) granting the Secured Creditor adequate protection; (III) scheduling the Final Hearing; and (IV) granting such other and further relief as the Court may deem appropriate.

14. No previous request for the relief sought herein has been made to this or any other Court.

## LOCAL BANKRUPTCY RULE 9013-1 (F) CERTIFICATION

I, Alexis Hernández Fuentes, Esq., counsel to the Debtor, hereby certify that pursuant to Local Bankruptcy Rule 9013-1 (f), I have carefully examined the matter and concluded that there is a true need for an emergency hearing, that neither I or the Debtor have created the emergency through any lack of due diligence, and that both, I and the Debtor, have made bona fide efforts to resolve the matter without a hearing.

## NOTICE

Notice of this Motion has been electronically provided by the CM/ECF system to the **United States Trustee** for the District of Puerto Rico; and forwarded by regular mail postage prepaid to ALL creditors listed in the master address list, which includes: **767 Lender, LLC,** 767 Fifth Avenue, 12th Floor, New York, NY 10153; **PR Aqueduct and Sewer Authority (PRASA),** P.O. Box 7066, San Juan, PR 00916-7066; **PR Electric Power (PREPA)**, Bankruptcy Office, P.O. Box 364267, San Juan, PR 00936-4267; **CRIM**, P.O. Box 195387, San Juan, PR 009195387. Also, copy of the motion is being sent by regular mail postage prepaid to **Hermann Bauer, Esq.,** O'Neill & Borges, Ave. Muñoz Rivera 250, Suite 800, Hato Rey, PR 00918-1813; **Carmen Priscilla Figueroa, Esq., Counsel for CRIM**, P.O. Box 195387, San Juan, PR 00919-5387; **Hon. Wanda Vazquez Garced, Department of Justice of PR**, P.O. Box 9020192, San Juan, PR 00902; **Hon. Raul Maldonado, Treasury Department of PR**, P.O. Box 9024140, San Juan, PR 009024140; **Midga Liz**

**Rodríguez, Esq., Treasury Department of PR**, P.O. Box 9020192, San Juan, PR 009020192; **Ms. Daisy Montañez, Bankruptcy Specialist for IRS**, City View Plaza II Building #48, State Road #161, Km. 1.2, Guaynabo, PR 00968-8000; **Attorney General of the United States**, 950 Pennsylvania Avenue, NW, Washington, DC 205300001; **Civil Process Clerk, Office of the U.S. Attorney for the District of Puerto Rico**, Torre Chardon, Suite 1201, 350 Carlos E. Chardon Street, San Juan, PR 00918; and those parties which have requested service of all pleadings and notices in this case, not otherwise notified by the CM/ECF system. Debtor submits that such notice is proper under the circumstances and that no other or further notice is necessary.

WHEREFORE, the Debtor respectfully requests entry of an order substantially in the form annexed hereto as Exhibit A, (I) authorizing use of cash collateral; (II) granting the Secured Creditor adequate protection; (III) scheduling the Final Hearing; and (IV) granting such other and further relief as the Court may deem appropriate.

**RESPECTFULLY SUBMITTED.**

San Juan, Puerto Rico, this 24th day of April, 2019.

*s/ Alexis Fuentes-Hernández*
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201
**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tels. (787) 722-5215, 5216
E-Mail: alex@fuentes-law.com